989 F.2d 495
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Terrance J. ADAMS, Defendant-Appellant.
 No. 92-5357.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 20, 1993
Decided: March 31, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-91-106-R)
 Eric David White, Morchower, Luxton & Whaley, Richmond, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Howard C. Vick, Jr., Assistant United States Attorney, James J. Reynolds, Third Year Law Intern, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before MURNAGHAN, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Terrance J. Adams appeals his sentence resulting from convictions pursuant to 18 U.S.C. § 2 (1988) and 21 U.S.C.ss 841, 846 (1988). Adams's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that no meritorious issues exist for appeal. Although two motions for extension of time have been granted by this Court, Adams has failed to file a supplemental brief.
 
 
 2
 Counsel has raised the issue that the district court lacked a factual basis sufficient to find Adams responsible for five kilograms of cocaine, from which finding arose the ten year minimum sentence that Adams appeals. See 21 U.S.C. §§ 841, 846. First, the record reveals that Adams waived his right to appeal his sentence. Such waivers are enforceable where knowingly and voluntarily made. United States v. Wessells, 936 F.2d 165-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Further, the record refutes Adams's contention. Adams admitted at his plea hearing that he entered the conspiracy with the knowledge that it was of such scope that he foresaw the distribution of five kilograms of cocaine. Foreseeing more than five kilograms is not required by the statute. 21 U.S.C. §§ 841, 846. The district court did not err in finding that the Government's and Adams's testimony in open court were sufficient to find a factual basis for the plea.
 
 
 3
 Further, the district court conducted a thorough hearing pursuant to Fed. R. Crim. P. 11, inquiring into the voluntariness of Adams's plea, informing Adams of his constitutional rights surrounding trial, and giving Adams ample opportunity to address the court and withdraw his plea if he so desired. The record reveals no errors surrounding the district court's acceptance of Adams's guilty pleas to conspiracy to possess with intent to distribute five or more kilograms of cocaine, and distribution of cocaine.
 
 
 4
 In accordance with Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Therefore, we affirm Adams's conviction. In light of the waiver, we dismiss the appeal to the extent it challenges the sentence imposed. We deny counsel's motion to withdraw, and pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A (1988)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review, and to prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART, DISMISSED IN PART